UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————— X

ALTESCA INC.,                                    :
                              Plaintiff,         :        Case No. 1:23-cv-286
                                                 :
            -against-                            :        COMPLAINT
                                                 :
STERLING POWER OPPORTUNITIES, LLC,               :
                                                 :
                              Defendant.         :
———————————————————————— X

       Plaintiff Altesca Inc. ("Altesca" or "Plaintiff"), as and for its Complaint herein against

defendant Sterling Power Opportunities, LLC ("Sterling" or "Defendant"), alleges as follows.

## Nature Of The Action

       1.    This is an action for breach of a Transaction Agreement between Altesca and

Sterling dated as of December 22, 2021 (the "Agreement", a copy of which is annexed hereto as

Exhibit A).  Pursuant to the Agreement, Sterling was required to pay Altesca a "Maximum Earn-

Out Amount" of $2,500,000 by no later than June 30, 2022.  However, Sterling has only paid

$1,075,431.25 of this amount, leaving a balance due of $1,424,568.75.  Further, Sterling owes an

additional amount to Altesca of $151,445.25, for a total amount due of $1,576,014.  Nevertheless,

Sterling has failed and/or refused to pay such amounts, despite due demand.

## The Parties, Jurisdiction and Venue

       2.    Altesca is a corporation organized under the laws of North Carolina, with a

principal place of business in the State of Virginia.

       3.    Upon information and belief, Sterling is a limited liability company organized in

the State of Delaware, with its sole member being Galway Sustainable Capital, Inc., a corporation

organized under the laws of Delaware with its principal place of business in Washington, D.C.

       4.    The amount in controversy, exclusive of interest and costs, exceeds the sum of

$75,000.

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

6.      This Court has personal jurisdiction over Sterling because the parties agreed to exclusive jurisdiction in New York County.  In particular, Section 5.5. of the Agreement provides, in pertinent part:  "**Consent to Jurisdiction; Waiver of Jury Trial**.  The Parties agree that any Action by or against any Party (or its Affiliates or designees) with respect to or arising out of any Transaction Document [which includes the Agreement] shall be brought exclusively in the state or federal courts located in New York County, New York" and that each party "irrevocably and unconditionally consents and submits to the exclusive jurisdiction of such courts and the appellate courts therefrom with respect to any Action regarding a Transaction Document, and waives any right it may have to assert the doctrine of *forum non conveniens* or similar doctrine or object to venue with respect to any such proceeding".  Further, upon information and belief, Sterling has several solar projects currently underway in the State of New York.

7.      The Agreement is governed by New York law.

## Facts Common To All Claims

8.      After certain transactions in the renewable energy space between or among Altesca, Sterling and/or certain other entities, Altesca and Sterling entered into the Agreement, which sets forth the rights and obligations as between them.

9.      Section 2.4 of the Agreement provides for Sterling to pay Altesca a "Maximum Earn-Out Amount" of $2,500,000 by June 30, 2022 under any and all circumstances.  In particular, Section 2.4 provides, in pertinent part:

> With respect to any Contracted Assets Revenue, Sterling will pay, or will cause the applicable Contracted Buyer or NCRE Company to pay, to Altesca fifty percent

(50%) of the Contracted Assets Revenue actually paid by the Contracted Buyer or actually received by the applicable NCRE Company pursuant to the applicable DSA after the Closing Date *until such time as Altesca has received the amount of $2,500,000 pursuant to this Section 2.4 (the "Maximum Earn-Out Amount"). If the aggregate payments to Altesca pursuant to the preceding sentence do not equal the Maximum Earn-Out Amount as of June 30, 2022, then on June 30, 2022 Sterling shall pay to Altesca the difference between the Maximum Earn-Out Amount and the payments received by Altesca pursuant to the preceding sentence prior to such date.* (Emphasis added).

10.     As of June 30, 2022, Sterling had not paid Altesca anywhere close to the $2,500,000 Maximum Earn-Out Amount due, and to date Sterling had only paid $1,075,431.25 of that amount, leaving a balance due of $1,424,568.75.

11.     Further, Sterling owes an additional payment to Altesca, in the amount of $151,445.25.  In particular, Section 2.5 provides:

**Settlement of Refund Amounts**.  The Parties acknowledge that the amount of $242,831 (the "**Refund Amount**" was withheld by Energix from the Final Installment (as defined in the Original MIPA) paid by Energix under the Original MIPA, and 75% of such amount was withheld from the payment to Altesca and 25% of such amount was withheld from the payment to Sterling.  The parties expect that, following the Closing, the Refund Amount will be paid by Dominion to NCRE or Sterling, *and upon receipt of such amount, Sterling shall or shall cause its Affiliates to, pay 75% of such amount to Altesca*.  (Emphasis added).

12.     Sterling has received the "Refund Amount" of $201,927.00, of which 75%, or $151,445.25, is owed to Altesca, but has failed to pay Altesca its share of the "Refund Amount".

13.     That Sterling has made certain of the payments towards the Maximum Earn-Out Amount is an admission in and of itself that the Maximum Earn-Out Amount is due and owing.

14.     Further, Sterling has stated in writing that it "does not dispute" that the Maximum Earn-Out Amount and Altesca's share of the "Refund Amount" are due, and that it "intend[s] to pay the remaining amounts" of the Maximum Earn-Out Amount to Altesca."

15.     Nevertheless, Sterling has failed or refused to pay same, despite due demand and without factual or legal justification.

## **FIRST CAUSE OF ACTION**
### **(Breach of Contract)**

16.     Altesca repeats and realleges each and every allegation set forth above as if fully set forth herein.

17.     As set forth above, the Agreement is an enforceable contract between Altesca and Sterling.

18.     Altesca performed its obligations under the Agreement.

19.     As set forth above, Sterling breached Section 2.4 of the Agreement by failing to pay Altesca the full Maximum Earn-Out Amount of $2,500,000 by June 30, 2022.  To date, Sterling has only paid $1,075,431.25 of this amount, leaving a balance due of $1,424,568.75, which Sterling has failed and/or refused to pay, in breach of the Agreement.

20.     Further, as set forth above, Sterling has received the "Refund Amount" of $201,927.00, of which 75%, or $151,445.25, is owed to Altesca, yet Sterling has failed and/or refused to pay same, in breach of Section 2.5 of the Agreement.

21.     As a consequence of the foregoing, Altesca has suffered damages in an amount to be determined at trial, but believed to be not less than $1,576,014.

WHEREFORE, Altesca demands judgment as follows:

(i)     On the First Cause of Action, awarding Altesca an amount to be determined at trial, but believed to be not less than $1,576,014, plus interest, costs, and attorneys' fees to the extent allowable by law; and

(ii)    for such other and further relief as the Court deems just and proper.

4868-0772-0450, v.1

Dated: New York, New York
           January 12, 2023

                                                    SULLIVAN & WORCESTER LLP

                                                    By: /s/ Gerry Silver
                                                          Gerry Silver
                                                          1633 Broadway, 32nd Floor
                                                          New York, New York 10019
                                                          Telephone:  (212) 660-3096
                                                          Facsimile:   (212) 660-3001
                                                          gsilver@sullivanlaw.com

                                                    *Attorneys for Plaintiff*

4868-0772-0450, v.1